The opinion of the Court was delivered by
Glover, J.
If Thomas Lumpkin conveyed to Abram F. Lumpkin on the 2d March, 1843, the tract of land sold by the *445 sheriff, the only lien on, it then was the judgment in favor of Troy Lumpkin, which was afterwards fully satisfied. The sheriff could not protect himself against a breach of his bond in neglecting to resell, suggested for the benefit of judgment creditors whose liens attached before the sale, on the ground that either Thomas Lumpkin or Abram P. Lumpkin requested a postponement; but where the sheriff delays a resale at the instance of the judgment creditors, their consent would be a sufficient answer to an action brought against him for his neglect in this respect.
The breaches suggested in the case before the Court are not at the instance not for the benefit of judgment creditors, but for the legal representative of Thomas Lumpkin; and may not the sheriff show that, before judgments were signed and executions were entered in his office, Thomas' Lumpkin had conveyed the land to Abram P. Lumpkin in trust to pay debts, and that at the instance of Thomas Lumpkin or of Abram P. Lumpkin, the trustee, the sheriff had delayed a resale ?
Creditors of Thomas Lumpkin, who had no liens on this ' land, may compel Abram P. Lumpkin to perform the trust declared in the deed under which he holds; but they cannot recover on the breaches assigned in this case.
A majority of the Court is of the opinion, that the sheriff may reply to the suggestions of Thomas Lumpkin’s administrator by showing that the legal title was in Abraham P. Lumpkin, and that at his request, or at the request of the intestate, a resale was postponed, and that for this purpose the evidence .should have been admitted.
Motion granted
O’Neall, Wardlaw and Whitner, JJ., concurred.
Munro, J., dissented.

Motion granted.